UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KELLY ALICE KESSLER, | ) | 1:10-cv—0322-OWW-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY AND ABEYANCE |
| v. | ) | (Docs. 15, 1) |
| | ) | |
| | ) | ORDER STAYING THE ACTION PENDING |
| TINA HORNBEAK, Warden, et al., | ) | EXHAUSTION OF STATE COURT |
| | ) | REMEDIES |
| Respondents. | ) | |
| | ) | ORDER DIRECTING PETITIONER TO |
| | ) | FILE PERIODIC STATUS REPORTS |

Petitioner is a state prisoner proceeding with the assistance of counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Petitioner's motion to stay the action, which was filed on March 12, 2010, shortly after the filing of the petition on February 23, 2010. Respondent, who has appeared for the limited purpose of responding to Petitioner's motion to stay the action, has sent a letter to the Court indicating that Respondent does not oppose Petitioner's motion for stay and abeyance. (Doc. 19, dated and filed August 17, 2010.)

I. <u>Background</u>

Petitioner, who is serving a sentence of twenty-six (26) years to life, alleges claims concerning her conviction in 2003 in the Tuolumne County Superior Court of felony possession of a firearm with a prior conviction and of related misdemeanors. (Pet. 13-14.) Petitioner admits that two of her claims are the subject of ongoing state court proceedings. (<u>Id.</u> at 14.) These claims (claims I and III) concern allegedly ineffective assistance of trial counsel in failing to investigate Petitioner's prior Nevada burglary conviction and to inform her of her right to request bifurcation of the trial of the prior conviction (claim I, Pet. 59-81); and the prosecution's failure to disclose impeachment evidence concerning the impaired vision of the sole eye-witness to the crime (claim III, Pet. 46-48, 104-23).

On October 30, 2009, the California Court of Appeal issued an order to show cause regarding the unexhausted claims and remanded them to the trial court for further proceedings. (Pet. 13.) The other two claims are exhausted, having been the subject of petitions for review which the California Supreme Court denied. (<u>Id.</u> at 14-15.) Petitioner has filed a protective petition because of uncertainty regarding a future determination of the timeliness of the Petitioner's claims. Further, Petitioner anticipates that amendments of the petition are possible and even likely because at the time the petition was filed, Petitioner had not been afforded discovery or an evidentiary hearing during the state post-conviction processes. (<u>Id.</u> at 15.)

The Court has not completed its initial screening of the petition, and Respondent has not been directed to order a response to the petition.[1]  Respondent has been served with a copy of the petition and the motion for stay and abeyance.

II.  <u>Analysis</u>

A district court may not adjudicate a petition containing both exhausted and unexhausted claims.  <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982).  However, since the advent of the statute of limitations provided for by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), it is recognized that a district court has the inherent authority to exercise its discretion to stay a mixed petition to allow the petitioner to present unexhausted claims to the state court in the first instance and then return to federal court for review of the perfected petition.  <u>Rhines v. Weber</u>, 544 U.S. 269, 275-77 (2005).  Stay and abeyance are available only in limited circumstances where 1) the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court, 2) the petitioner has not engaged in abusive litigation tactics or intentional delay, and 3) the unexhausted claims are not plainly meritless.  <u>Id.</u> at 277-78.  Because of the underlying purposes of the AEDPA to reduce delays in the execution of state and federal criminal sentences and to encourage petitioners to seek relief initially from the state courts, a stay should endure for only a reasonable time and should be explicitly conditioned on the petitioner's pursuit of

---

[1] Respondent did file a notice that she declined to proceed before a Magistrate Judge.  (Doc. 16, filed March 12, 2010.)

3

state court remedies within a brief interval.  Id.

The Supreme Court has not articulated what constitutes good cause under Rhines, but it has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  The Ninth Circuit has held that the standard is a less stringent one than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances."  Id. at 661 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).

Here, Petitioner has set forth specific facts tending to show a reasonable basis for confusion concerning the timeliness of the state court filings.  The allegations of the petition involve ineffective assistance of trial counsel and reflect repeated efforts to exhaust state court remedies despite an unusual and protracted lack of cooperation of trial counsel.  The Court concludes that the unique circumstances of the present case constitute good cause for Petitioner's failure to exhaust the unexhausted claims.

Further, the allegations of the petition tend to reflect an

4

1 absence of intentional delay.  It appears that the facts
2 concerning claim III, pertaining to a failure to disclose
3 material impeaching evidence concerning the eye-witness, were not
4 discovered until December 2003, after Petitioner was convicted.
5 (Pet. 26: 12-19.)  The conviction was affirmed on appeal in May
6 2004, and review was denied by the California Supreme Court in
7 late July 2004.  (Id. at 23:8-10.)  Petitioner's trial counsel,
8 who it is represented was ineligible to practice during part of
9 the pre-trial period he represented Petitioner and was later
10 disbarred (Pet. 22 n.4), failed to cooperate with post-conviction
11 counsel's investigation for over a year, which appears to have
12 contributed to the passage of time until the filing of the first
13 state habeas petition in February 2005 (id. at 24:7-9, 27:18-21).
14 Petitioner proceeded to file multiple habeas petitions in the
15 state courts with varying periods of time passing between the
16 successive denials and renewed filings of petitions.  (Id. at 24-
17 25.)  At the time the petition was filed here, the Court of
18 Appeal had, with respect to claims I and III, issued an order to
19 show cause and returned the case to the Tuolumne County Superior
20 Court, where the Respondent had filed a return and Petitioner a
21 denial or traverse.  (Id. at 25:14-28.)  Thus, exhaustion of
22 state court remedies is well under way.
23      It further appears that in view of the state appellate
24 court's issuance of the order to show cause, the unexhausted
25 claims are not plainly meritless.
26      Therefore, the Court will grant a stay of the proceedings so
27 Petitioner can complete exhaustion of the two additional claims.
28      However, the Court will not indefinitely hold the petition

in abeyance.  <u>Rhines</u>, 544 U.S. at 277.  Petitioner must proceed diligently to pursue his state court remedies and must file a status report every ninety (90) days advising the Court of the status of the state court proceedings.  Following final action by the state courts, Petitioner will be allowed thirty (30) days to notify the court of completion of exhaustion.  Failure to comply with these instructions and time allowances will result in this Court's vacating the stay nunc pro tunc to the date of this order.  <u>Rhines</u>, 544 U.S. at 278.

   III.  <u>Disposition</u>

   Accordingly, it is ORDERED that:

   1.  Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is GRANTED;

   2.  The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

   3.  Petitioner is DIRECTED to file a status report within ninety (90) days of the date of service of this order advising the Court of the cases that have been filed in state court, the date the cases were filed, and any outcomes;

   4.  Petitioner is DIRECTED to file a new status report every ninety (90) days therafter; and

   5.  Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.

IT IS SO ORDERED.

**Dated:   October 20, 2010**          /s/ Sandra M. Snyder
                                UNITED STATES MAGISTRATE JUDGE

6